(No. 3086— )

WILLARD H. ATKINS, Claimant, vs. STATE OF ILLINOIS, Respondent.

Opinion filed February 8, 1938.

DIXON, DEVINE, BRACKEN & DIXON, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant had been employed at the Dixon State Hospital as a domestic for several years. On the 16th day of October, A. D. 1936 while operating a bread slicing machine, the first and second fingers of claimant's left hand came in contact with the slicing blade, and the latter cut off the index finger through the second phalanx, and the second finger was amputated at the joint surface on the distal end of the second phalanx.

The record shows that the respondent had actual notice of the accident through claimant's superiors, immediately

thereafter; that oral demand was made of the Managing Officer for compensation, within thirty-five (35) days after the occurrence of the accident, and that claim for compensation was filed within seven (7) months after the injury occurred.

At the time of the injury claimant was receiving Sixty-two ($62.00) Dollars per month in cash, Twelve ($12.00) Dollars of which was partial maintenance, and his maintenance allowance was further figured at an additional Twelve ($12.00) Dollars per month, making a total wage and maintenance of Seventy-four ($74.00) Dollars per month. All medical and hospital bills were furnished by respondent. Plaintiff's claim recites that, although he was absent from 'work for thirty-three (33) days during which time he was totally disabled, he received his full wages during the time of such disability and non-performance of duties.

From the facts appearing herein it is admitted by all parties that both claimant and respondent were operating under the terms of the Workmen's Compensation Act. In describing various extra-hazardous enterprises the Workmen's Compensation Act provides as follows:

"7½. Any enterprise in which sharp-edged tools, grinders or implements are used * * * etc."

*(Sec. 3 and Sub-sec. 7½ of Sec. 3, W. C. A.)*

As plaintiff's temporary total incapacity lasted for more than thirty (30) working days he was entitled to compensation therefor of fifty per cent (50%) of his earnings, in a sum of not less than Seven and 50/100 ($7.50) Dollars and not more than Fifteen ($15.00) Dollars per week. *(Sec. 8 (a), (b), W. C. A.)*

Paragraph 8 (e) 7 of the Act provides that the loss of more than one phalange shall be considered as the loss of the entire finger. The court therefore finds from the record that claimant is entitled to an award for the total loss of the first finger and the loss of one phalange of the second finger. His total wages for the year preceding the accident were Eight Hundred Eighty-eight ($888.00) Dollars. This amounts to Seventeen and 92/100 ($17.92) Dollars per week, fifty per cent (50%) of which is Eight and 96/100 ($8.96) Dollars. We find that claimant is entitled to an award as follows:

For the loss of the first finger of the left hand, $8.96 for 40 weeks ............................................ $358.40

For the loss of one phalange of the second finger of the left hand, $8.96 per week for 17½ weeks..................... 156.80

For temporary total disability for 33 days, i. e., 4 weeks and 5 days, at $8.96 per week............................... 42.24

$557.44

Credit for payment of wages paid in full during disability.. 74.00

Balance of award due................................ $483.44

An award is therefore hereby made in favor of claimant Willard H. Atkins, in the sum of Four Hundred Eighty Three and 44/100 ($483.44) Dollars.

As time of payment of the entire amount due has accrued between the time of the accident and the present, payment of the award in full should be made at this time, as having been already earned.

This award being subject to the provisions of an Act entitled, ''An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof,'' approved July 3, 1937 (Sess. Laws 1937, p. 83), and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from said appropriation from the General Revenue Fund in the manner provided for in such Act.